UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BEAU FILLICHIO,

    Plaintiff,

v.

TOMS RIVER POLICE DEPARTMENT, et al.

    Defendants.

Civil Action No. 19-575 (ZNQ)(DEA)

MEMORANDUM & ORDER

    This matter comes before the Court on a motion by Defendants Toms River Police Department, Officer Christopher Inglis, and Officer James Colline (collectively, "Defendants") to strike the expert report of Micki McComb. ECF No. 50. Plaintiff has opposed the motion. The Court considers the matter without oral argument pursuant to Local Civil Rule 78.1. The Court has carefully considered the submissions of the parties, and for the reasons below, Defendants' motion is granted.

I. BACKGROUND

    This is a civil rights action arising from Plaintiff's arrest on July 26, 2017. Plaintiff initiated this action on January 16, 2019, asserting claims of excessive force, false arrest, and various torts against Defendants. The Court conducted an initial conference on September 19, 2019, and thereafter issued an initial Scheduling Order setting the deadlines for completion of discovery. ECF Doc. 14. As discovery proceeded, the Court entered additional Scheduling Orders adjusting the deadlines. ECF Doc. Nos. 25 and 26. Relevant to the instant motion is the Court's September 11, 2020 Text Order wherein the Court ordered Plaintiff produce all expert reports by no later than December 11, 2020. ECF Doc. No 26.

According to Defendants, Plaintiff timely served Defendants with a report prepared by Dr. Jon M. Shane opining on police liability and use of force (the "Shane Report"). ECF 50-5. After receiving the Shane Report, Defendants engaged Dr. Richard Celeste, who prepared a rebuttal expert report dated January 27, 2021. This report was timely served on Plaintiff on January 28, 2021. ECF 50-6.

Following the completion of discovery, including the service of all expert reports, the parties participated in a settlement conference with the Court on September 29, 2021. Thereafter, the Court set a schedule for the filing of *in limine* motions and granted Defendants' request for leave to file a Motion for Summary Judgment. Defendants filed their Motion for Summary Judgment and their Motion *in Limine* on November 15, 2021. ECF Doc. Nos. 40-44. On December 20, 2021, Plaintiff filed his briefs in opposition to Defendants' motions. Plaintiff's opposition to these motions included a 46-page expert report regarding police liability and excessive force prepared by Mickie McComb dated July 12, 2021 (the "McComb Report"). There is no dispute that prior to the filing of Plaintiff's opposition papers, the McComb Report was never served on Defendants. This motion followed.

II. ANALYSIS

Defendants move to strike the McComb Report under Federal Rule of Civil Procedure 37. Rule 37(c) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 376(c)(1).  Defendants maintain that the McComb Report does not constitute a proper supplement under Rule 26(e), but rather is an impermissible new opinion intended to "take a second bite at the apple" and "deepen and strengthen" Plaintiff's existing, timely-served expert report. Defendants argue that that "the McComb Report is a brand new opinion and goes far beyond correcting inadvertent admissions" and its "forty-six page thorough analysis … will require the Defendants reengage its police liability expert to prepare an amended report combating not only the opinions made by Dr. Shane but also those made by Mr. McComb." ECF No. 50-2 at 4.

      Citing *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 905 (3d Cir. 1977), which set out certain factors (discussed below) to be considered by a court on a motion to exclude evidence, Defendants argue that the McComb Report should be stricken. According to Defendants, they would be severely prejudiced if Plaintiff is permitted to rely upon the McComb Report. They contend that Defendants would need to be given the opportunity to respond to the Report; the Court would have to reopen expert discovery, the parties would likely need to take additional expert depositions, and Defendants would be forced to incur the costs of the delays, the additional discovery, and of re-engaging an expert to prepare a rebuttal report. Defendants also point out that this is not a situation where the report is vitally important to support Plaintiff's claims; Plaintiff has already served the Shane Report.

      Finally, with respect to the possibility of reopening discovery and/or modifying the Scheduling Order to permit further expert discovery, Defendants argue that Plaintiff has not

established good cause under Rule 16 to do so. *See* Fed. R. Civ. P. 16(b) (4) ("A schedule may be modified only for good cause and with the judge's consent.")

In opposition to Defendants' motion, Plaintiff concedes the "late service" of the McComb Report and, moreover, does not dispute Defendants' assertion that the Report is not a proper supplement under Rule 26. However, Plaintiff argues that the Federal Rules do not establish that the Court "must" strike the report, but rather, that the Court has "broad discretion to resolve the instant issue." ECF No. 51. Plaintiff maintains that the Court should exercise its discretion to *not* strike McComb Report "because the nation was stricken by COVID-19." *Id.* In this regard Plaintiff states,

> the COVID-19 pandemic, including related public health measures and economic disruptions, is not merely inconvenient or impractical - it is a catastrophe. Firms lacking the capital to develop robust remote work solutions are forced to compete in an increasingly tight labor market for staff willing to appear at the office in person. Even those staff members diligent and committed enough to continue working from the office under pandemic conditions are often forced from their desks, in spite of their wellness, by public health guidance regarding contact tracing and quarantine measures. The impact of COVID-19 on small businesses, including small law firms, can hardly be overstated.

*Id.* In the same vein, Plaintiff takes issue with case law cited by Defendants, contending that "none of the precedent reaches the diligence of counsel under conditions as dire as those faced by Plaintiff's counsel here." *Id.*

With regard to the *Pennypack* factors, Plaintiff does not dispute that Defendants were surprised by the McComb Report but argues that the report should not be stricken because there is no prejudice to Defendants. Plaintiff contends that the only prejudice that exists "is that of delay", and "delay has not been a meaningful form of prejudice since the outset of the pandemic." *Id.*

4

The Court is aware of and, indeed, is not unsympathetic to the fact that the COVID-19 pandemic created significant disruption for law firms (as well as the courts). However, while Plaintiff makes broad assertions regarding the nation being stricken by COVID-19 and the significant impact of the pandemic on "small businesses, including small law firms," notably absent from Plaintiff's argument is any explanation for the multiple failures with respect to the McComb Report. First, there is no dispute the Report was not served during the discovery period. Second, even if the Report had been provided to Defendants during discovery, it would have been significantly late, as it is dated 7 months after Plaintiff's deadline for service of expert reports. Third, despite Plaintiff's counsel assertion that he "belie[ved] [the McComb Report] had previously been provided in discovery", counsel never asked the Court to amend the Scheduling Order or otherwise grant Plaintiff leave to serve a late report. Service of an expert report that was dated 7 months after Plaintiff's deadline to do so (and 6 months after Defendants' rebuttal report was served) would have--or at the very least should have--prompted Plaintiff to seek the appropriate leave of Court. Plaintiff provides the Court with no details as to the specific circumstances that led to these failures.

As of the date of the McComb Report, lawyers and the courts had been dealing with the pandemic for over a year. For Plaintiff to simply point to "the pandemic" to excuse the above failures, without further explanation, is not sufficient. Consequently, to the extent that Plaintiff asks the Court to amend the Scheduling Order, allow service of the McComb Report, and reopen discovery, the Court finds that Plaintiff has not established good cause under Rule 16 to do so.

The Third Circuit has identified several factors for district courts to weigh when considering whether to strike an untimely or improper expert disclosure:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000); *see also Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–905 (3d Cir. 1977)). The Court finds application of these factors warrant striking the McComb Report. Contrary to Plaintiff's assertions, the prejudice here is not a matter of mere delay. There is also prejudice to Defendants' (and the Court's) interest in the fair, economical, and efficient resolution of this dispute. Discovery is long-closed, and a dispositive motion was filed. If the Court were to permit Plaintiff to rely on the McComb Report, the Defendants must have a chance to respond to it. Expert discovery would be reopened. Defendants would be forced to reengage an expert to prepare a rebuttal report and there would be further depositions. After all of this, Defendants' dispositive motion would need to be revised and then refiled. As is clear, allowing the McComb Report not only prejudices Defendant, but, as contemplated by the third factor above, doing so would "would disrupt the orderly and efficient" resolution of this case.

Turning to the last factor, the Court considers this factor as neutral in the overall analysis. There is no assertion that Plaintiff acted in bad faith, but, as discussed above, Plaintiff offers nothing other than general references to the pandemic to excuse multiple failures on his part.

III. CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS** on this 24th day of March 2022

**ORDERED** that Defendants' motion to strike the McComb Report [ECF No. 50] is GRANTED; and it is further

**ORDERED** that the McComb Report and Plaintiff's opposition [ECF No. 45], which relies on the McComb Report, is hereby stricken; and it is

**ORDERED** that the Clerk is to renew Defendants' summary judgment motion by creating a new docket entry and re-filing a copy of the Notice of Motion (only) that was originally filed at ECF No. 40. The docket text for the renewed motion for summary judgment should note: "Complete motion papers are filed at ECF No. 40"; and it is further

**ORDERED** that the motion for summary judgment will be assigned a return date of April 18, 2022; and it is further

**ORDERED** that briefing of the summary judgment motion should proceed accordingly; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 50.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge

---terminates ECF No. 50